```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/25/16
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PHILLIP HENRY,

              Plaintiff,

      -v-

MORGAN'S HOTEL GROUP, INC.,

              Defendant.
-----------------------------------------------------------------X

**MEMORANDUM ORDER**

15-CV-1789 (ER) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

In this employment action alleging race and sexual orientation discrimination and retaliation against his former employer, Plaintiff Phillip Henry ("Henry" or "Plaintiff") has moved to quash three subpoenas that Defendant Morgan's Hotel Group ("Defendant") served on three of his former employers. Henry argues that the subpoenas violate Rule 45 of the Federal Rules of Civil Procedure in that they were served simultaneously on his counsel and his former employers, rather than provided to his counsel in advance as required by the Rule, and that he was prejudiced as a result of this violation. In addition, Henry contends that the subpoenas are overbroad, and seek irrelevant information and inadmissible character evidence. For the reasons discussed below, the motion is granted.

**1.**     <u>**Defendant's Subpoenas Violated Rule 45 and Caused Prejudice to Henry**</u>

Rule 45 requires that, before a subpoena *duces tecum* is served on a non-party, "a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). The purpose of the prior service requirement is to afford the opposing party the opportunity to object to the production called for by the subpoena. *See* Fed. R. Civ. P. 45(a) advisory committee's

notes to 1991, 2007, & 2013 amendments. Prior notice has been interpreted to mean "that notice be given *prior* to the issuance of the subpoena, not prior to its return date." *Schweizer v. Mulvehill,* 93 F. Supp. 2d 376, 411 (S.D.N.Y. 2000) (emphasis added); *see* 9A Charles Alan Wright *et al.*, *Fed. Practice & Procedure,* § 2454 (3d ed. 2015) (notice must "be given to each party before it is served") (internal quotations omitted).

There is no dispute that Defendant failed to comply with the notice requirement of Rule 45. *See* Defendant's Opposition to Plaintiff's Motion to Quash ("Def. Opp.") (Dkt. No. 26), at 3 ("Plaintiff was sent a copy of the subpoenas in question contemporaneous to them being sent to Plaintiff's prior employers."); Affirmation of Gail L. Auster dated January 8, 2016 ("Auster Aff.") (Dkt. No. 23), ¶ 6. The subpoenas were served on Christmas Eve (an arguably sharp tactic to begin with) on both the third-party employers and Henry's counsel. Some courts have quashed subpoenas due to untimely notice alone. *See, e.g., Murphy v. Bd. of Educ. of Rochester City Sch. Dist.,* 196 F.R.D. 220, 222 (W.D.N.Y. 2000). The failure to give proper notice is not an insignificant matter, and should not be lightly glossed over by a court. *See Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.,* 190 F.R.D. 372, 380 (D. Md. 1999) ("[W]hen an attorney misuses his or her power under Rule 45 to command a non-litigant to produce documents in a lawsuit to which he or she is a stranger by failing to give appropriate notice to the parties, public confidence in the integrity of court processes is eroded.").

Failure to provide advance notice of the subpoena, however, is not always a basis to quash a subpoena. Many courts require the objecting party also to demonstrate prejudice. *See, e.g., Kingsway Fin. Servs., Inc. v. Pricewaterhouse–Coopers LLP,* No. 03-CV-5560 (RMB) (HBP), 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008) ("The majority approach . . . requires that the aggrieved party demonstrate some form of prejudice resulting from the failure to provide

2

advance notice.") (citing cases). I find on the record presented that Henry has been prejudiced by the delay in service.

Defendant claims that Henry has suffered no prejudice as a result of the subpoenas having been sent to him and the third-party employers on the same day because he had more than enough time to file the present motion before Defendant received any responsive records. Def. Opp. at 4. While it is true that Henry's counsel was able to file a motion to quash before the return date of the subpoena (the subpoena return date being January 11 and the motion to quash being filed on January 8), it is still the case that one of the third-party employers (Café Luxembourg) has already produced records and thus Defendant has had to take steps to ensure that these records have not been made available to counsel litigating the case. *See* Affirmation of Eileen Powers dated January 15, 2016 (Dkt. No. 27), ¶¶ 5-8. Thus, the premature service of the subpoena has created a set of circumstances where defense counsel have had to represent to plaintiff's counsel and the Court that they have not reviewed the documents produced by the third-party. This scenario alone is at least arguably prejudicial to Henry. It would not have occurred had Defendant complied with the Rule. Cases that do not find prejudice in similar circumstances often reach that conclusion because no documents by third parties have actually been produced, unlike in the case here. *See, e.g., Malinowski v. Wall St. Source, Inc.*, No. 09-CV-9592 (JGK) (JLC), 2010 WL 4967474, at *2 (S.D.N.Y. Nov. 23, 2010) (intent of prior notice requirement effectuated because plaintiff was able to file motion to quash, and third party produced no documents); *Kingsway Fin. Servs., Inc.*, 2008 WL 4452134, at *3–4 (no prejudice where objecting party filed motion to quash and subpoenaed party produced no documents).

More significant is the fact that Henry has been prejudiced by the issuance of these subpoenas to the three former employers. As Henry's counsel points out in her reply

3

memorandum, one of the subpoena recipients, North End Grill, is owned by Union Square Hospitality Group, which owns at least 12 other restaurants in New York City, and another, Café Luxembourg, is under the same ownership as two other well-known restaurants in the City. Plaintiff's Reply Memorandum ("Rep. Mem.") (Dkt. No. 29), at 3. Thus, if Henry were to seek employment at any of these 16 restaurants in the future, his application to any of them (or any other restaurants to which the managers of these establishments might relocate) might well be adversely affected by the fact that his records had been subpoenaed in this lawsuit. While Defendant makes light of this argument, it is a legitimate concern. Indeed, the Court would hardly be surprised that, if Defendant (or any other establishment) knew that an applicant for employment had brought a lawsuit against another restaurant for discrimination, it might take that into account in the hiring process.[1] *See, e.g., Gambale v. Deutsche Bank AG,* No. 02-CV-4791 (HB) (DFE), 2003 WL 115221, at *2 (S.D.N.Y. Jan. 10, 2003) (granting motion to quash subpoenas served on executive search firms for which plaintiff worked before and after her termination because such discovery "would subject plaintiff to unnecessary annoyance and embarrassment within the meaning of Rule 26(c)"); *see generally Wanke v. CVS Corp.*, 265 F.R.D. 64, 69 (E.D.N.Y. 2010).

## 2. The Subpoenas Are Overbroad and Should Be Quashed on This Basis as Well

Even if the Court were to conclude that Defendant's violation of Rule 45 was harmless error and that Henry did not suffer any prejudice, there are other grounds on which the subpoenas should be quashed. The scope of the subpoenas themselves is problematic, to say the least. In each of the three subpoenas at issue, Defendant commands Henry's former employers

---

[1] Plaintiff's counsel also points out that the third subpoena, to Schlesinger Associates, seeks information from an employer that is not comparable to Henry's work as a waiter for Defendant as Schlesinger is a "market research corporation." Rep. Mem. at 4.

4

to produce "[a]ll documents and communications, whether paper, electronic or other media, referring or relating to Phillip Henry including but not limited to personnel files, disciplinary files, and any other employment documents or records." Auster Aff., Exs. 1-3. Blanket requests of this kind are plainly overbroad and impermissible. *See, e.g., Gropper v. David Ellis Real Estate, L.P.*, No. 13-CV-2068 (ALC) (JCF), 2014 WL 518234, at *4 (S.D.N.Y. Feb. 10, 2014) (finding that a "request for 'any and all' documents . . . is inherently overbroad"); *Rice v. Reliastar Life Insurance Co.*, No. 11-CV-44 (BAJ) (CN), 2011 WL 5513181, at *2 (M.D. La. Nov. 10, 2011) (finding that "a request for 'any and all documents' relating to a particular subject is overbroad and amounts to little more than a fishing expedition"); *Badr v. Liberty Mutual Group, Inc.*, No. 06-CV-1208, 2007 WL 2904210, at *3 (D. Conn. Sept. 28, 2007) (finding request for "any and all" documents "overly broad"). By failing to limit its subpoena to certain categories of documents, Defendant is "merely trying to engage in a fishing expedition." *Lewin v. Nackard Bottling Co.*, No. 10-CV-8041 (PCT) (FJM), 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010). The overbreadth of the subpoenas is thus an independent basis to quash them.

3. **The Documents Sought by the Subpoenas Seek Irrelevant Information**

Finally, the subpoenas should be quashed because the information that Defendant seeks is not sufficiently relevant to Henry's case to warrant production. As a threshold matter, the Court notes that Defendant has mistakenly invoked the "reasonably calculated to lead to the discovery of admissible evidence" standard of the prior version of Rule 26(b)(1). Def. Mem. at 5. That Rule was amended last year and this language, long relied on by counsel to seek wide-ranging discovery, has now been eliminated.

The amendments to Rule 26(b)(1) now allow discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering

5

the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." As the Advisory Committee observes, the proportionality factors have been restored to their former position in the subsection "defining the scope of discovery," where they had been located prior to the 1993 amendments to the rules. Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment. Under the amended Rule, "[r]elevance is still to be 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). However, the amended Rule is intended to "encourage judges to be more aggressive in identifying and discouraging discovery overuse" by emphasizing the need to analyze proportionality before ordering production of relevant information. *Id.* (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment). The burden of demonstrating relevance remains on the party seeking discovery, but the newly-revised rule "does not place on [that] party. . . the burden of addressing all proportionality considerations." *Id.*

Thus, the Court should consider both the nature of information sought and whether its production is "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Here, Defendant contends that the records from Henry's three prior employers for whom he worked in the one-year period immediately prior to his employment with Defendant are relevant because "Plaintiff held himself out as being an exceptional waiter, and relied upon his employment at these prior employers as evidence of his employable qualities. If Plaintiff's representations were false,

6

which Defendant strongly suspects, the records from these prior employers are extremely relevant both in connection with Plaintiff's credibility and the doctrine of after-acquired evidence." Def. Mem. at 5-6. The Court finds this explanation to be an insufficient basis to warrant the subpoenas served on the prior employers. Defendant predicates these subpoenas on wholesale speculation that Henry was untruthful about some of the events of his prior employment. Even if Henry was not an "exceptional" waiter at his prior jobs (whatever that may mean), it is not remotely apparent what difference that would make regarding the allegations of discrimination and retaliation he has made in this case. The issue presented here is whether Defendant's actions directed toward Henry were based on valid considerations or violated the discrimination laws. Henry's prior employment has little if any bearing on that issue. In addition, as Henry notes, Defendant has not offered sufficient (indeed any) evidence that he made misrepresentations to Defendant regarding his prior employment to justify production of any of the records that Defendant seeks, or satisfied the Court that its production is proportional to the needs of the case. Reply Mem. at 6 (and citing cases).

Finally, even if Defendant's speculation were justified in some way, the evidence to be adduced from the non-party employers would likely be inadmissible propensity evidence under Rule 404(a). *See, e.g., Lewin,* 2010 WL 4607402, at *2 (attack on plaintiff's credibility by introducing evidence of his character in another employment setting likely inadmissible propensity evidence under Rule 404(a)); *Chamberlain v. Farmington Sav. Bank,* No. 06-CV-01437, 2007 WL 2786421, at *3 (D. Conn. Sept. 25, 2007) (quashing subpoena served on plaintiff's former employer when defendant sought "to discover evidence of the plaintiff's

performance history in order to show that he has a propensity for certain performance deficiencies"). [2]

## Conclusion

For all these reasons, the motion to quash is granted. The Clerk is directed to close Docket Number 22.

**SO ORDERED.**

Dated: New York, New York
January 25, 2016

JAMES L. COTT
United States Magistrate Judge

---

[2] Nor has Defendant made a sufficient record to justify the subpoenaed information on the basis that it is relevant to after-acquired evidence, because Defendant has not demonstrated that there is a reason to believe such evidence exists. Especially in light of the Court's gate-keeping role on proportionality in discovery, defendants have to advance more than mere speculation to justify production of information from non-parties.

8